IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Crim. No. 15-13-1-SLR |
| ) | |
| INGRID GONZALEZ-RODRIGUEZ, ) | |
| ) | |
| Defendant. ) | |

**MEMORANDUM**

At Wilmington this ___ day of June, 2015, after a de novo review of the proceedings before the magistrate judge, as well as a review of the submissions of in this case, the pretrial services report prepared by the pretrial services officer, the arguments of counsel and the hearing held on May 6, 2015, defendant's motion for bail will be denied consistent with the reasoning that follows:

1. **Background.** On March 12, 2015, a grand jury returned a three-count indictment charging defendant with: (1) conspiracy to distribute heroin, in violation of 21 U.S.C. §§ 841(a)(1) and (b)(1)(B); (2) possession with intent to distribute heroin, in violation of 21 U.S.C. §§ 841(a) and (b)(1)(C); and (3) distribution of heroin, in violation of 21 U.S.C. §§ 841(a)(1) and (b)(1)(C).[1] (D.I. 4) During defendant's arraignment on March 19, 2015, plaintiff filed a motion to detail pending trial. (D.I. 15) Defendant did not contest her detention. (D.I. 30 at 3; D.I. 43 at 3)

2. By order dated April 14, 2015, Magistrate Judge Burke found that defendant

---

[1] Also charged in this nine-count indictment are Joseph Collazo and Stefano Saienni. (D.I. 4) The quantity of heroin involved in these allegations is more than 100 grams worth approximately $60,000 and, upon conviction, triggers a five-year mandatory minimum. (D.I. 45 at 19)

had not rebutted the presumption that no combination of conditions could reasonably assure the safety of the community, were defendant to be released, or that the defendant would not be a risk of flight. (D.I. 30) Specifically, the charged offenses involve conduct that is dangerous and the corresponding penalties faced by defendant if convicted are significant, including a minimum mandatory term of imprisonment. The court further found that defendant had not provided any information about her personal history or characteristics that might support a request for relief. Defendant filed her motion for bail on the same date, to which plaintiff filed a response. (D.I. 43)

3. On May 6, 2014, an evidentiary hearing was held with plaintiff proceeding by proffer and defendant presenting Myrian Correa ("Correa"), as the proposed third-party custodian. (D.I. 45 at 5) Correa, defendant's half-sister, is a 43-year old United States citizen employed as a housekeeper at a hotel in Philadelphia, Pennsylvania. She has lived at the same address for the past two years, prior to that time residing in the same residence for 21 years. (Id. at 6-7) Although Correa has two adult children and grandchildren, she lives alone and rarely has visitors in the apartment. (Id. at 9)

4. Correa denied having any firearms or contraband at her residence. Her work schedule varies from 40 to 50 hours a week. (Id. at 21) Correa testified that her adult daughter[2] would be willing to help supervise defendant by coming over to the residence when Correa was working. (Id.) If defendant were released, Correa averred that she

---

[2]Correa's daughter is 24-years old and has two children, ages 7 and 4. (D.I. 23) Her daughter does not have a criminal record and lives about 20 minutes away from Correa. (Id. at 23)

would make sure that defendant complied with all the obligations imposed by the court.³

(*Id.* at 8) Correa would not hesitate to notify authorities if there were any problems with defendant, including any attempts to sever the electronic monitoring device.

5. On cross-examination, Correa testified that, during the six months prior to defendant's arrest in January 2015, the sisters would speak every day on the telephone and see each other in-person about three times a week. (*Id.* at 12) Correa denied knowing, until recently, the nature of the charges against defendant. (*Id.* at 12-14) Correa explained that defendant was a good person and "always worked [and would] babysit." (*Id.* at 14) Correa testified that she did not know two individuals identified as defendant's cousins and co-conspirators.⁴ Correa also denied knowing defendant's boyfriend's name, even though they lived together and were a couple for about nine months. (*Id.* at 19)

6. In further support of defendant's efforts to obtain pre-release, the following was presented: (1) defendant is 28 years old, has never been arrested and has no criminal convictions; (2) defendant has an employment history;⁵ (3) defendant has no

---

³Since there is no land line telephone in the apartment, Correa is willing to have one installed to enable electronic monitoring.

⁴According to the government, Edwin Rodriguez is facing charges in the State of Delaware. (*Id.* at 16) Another cousin, Julio Rodriguez, is facing State charges and is a fugitive from justice, his whereabouts unknown. (*Id.*)

⁵Information from pretrial services indicates that, at the time of her arrest, defendant reported working 40-hours a week at a check cashing agency located in Philadelphia. However, during subsequent interviews, defendant said that she had not worked at the check cashing agency since 2014. Additionally, defendant told Correa that she was a babysitter for three neighborhood children and worked at the check cashing agency. The record does not reflect any documentation of employment. The record also does not include any proof of defendant having any bank accounts or

3

drug or alcohol abuse history; (4) defendant's three-year old son is being cared for by relatives due to her incarceration; (5) defendant is a United States citizen with a passport that she will forfeit upon release; and (6) defendant does not pose a danger to anyone or the community.

7. In response, plaintiff explained that the charges against defendant arose from a three-month-long investigation into a heroin trafficking ring conducted by agents from the Drug Enforcement Administration ("DEA"). (D.I. 43 at 4) The investigation revealed that defendant was the source of the supply of heroin being trafficked through this ring. DEA agents suspect that defendant has trafficked hundreds of thousands of dollars, and hundreds of logs of heroin from Philadelphia, Pennsylvania into the Wilmington, Delaware region. (D.I. 43 at 39) Defendant was intimately and actively involved in the drug ring. From her one-bedroom apartment[6] located in Philadelphia, defendant milled and packaged the heroin and then transported the heroin to Wilmington for sale to co-defendant Collazo[7] and other co-conspirators. Those individuals, in turn, distributed the heroin to co-defendant Saienni,[8] who then distributed it to others.

8. Following defendant's arrest, agents searched her apartment and found a

---

assets.

[6] Defendant's three-year old son and boyfriend also resided in the apartment. (D.I. 43 at 5) Since defendant's arrest, authorities have been unable to locate or determine the immigration status of her boyfriend. (Id. at 19)

[7] In federal custody pending trial. (D.I. 43 at 5)

[8] In federal custody pending trial. (D.I. 43 at 5)

4

bag[9] containing paraphernalia[10] commonly used to package raw heroin for distribution. (D.I. 43 at 5) A small amount of heroin was also found inside the bag. Agents discovered a document known as an "owe sheet," a handwritten list of names with corresponding dollar amounts totaling $18,480.

9. As part of the investigation, agents recorded eight conversations between defendant and co-conspirators where defendant discusses milling heroin. (D.I. 43 at 36) There is video surveillance from January 9, 2015, depicting defendant carrying nearly $20,000 of heroin to a co-defendant's residence. (*Id.* at 37) Three days later, defendant arrived at the co-defendant's home with nearly $38,000 of heroin wrapped in baby diapers. In light of this background and the seriousness of the offenses, plaintiff urged the court to deny pretrial release.

10. **Legal standards.** The court's standard of review of a magistrate judge's denial of pretrial detention is de novo. *United States v. Delker*, 757 F.2d 1390, 1394 (3d Cir.1985). A judicial officer must determine whether a defendant should be detained or released pending trial. 18 U.S.C. § 3142(a). A defendant may be released on personal recognizance or an unsecured appearance bond or, if necessary to assure the appearance of the defendant and safety of the community, release may be subject to conditions. 18 U.S.C. § 3142(b) and (c). If no condition or combination of conditions will reasonably assure the appearance of the defendant or safety of the community, the

---

[9]This bag was located in the bedroom close to a portable baby crib.

[10]The paraphernalia included numerous blue wax baggies, clear zip lock bags, rubber stamps to brand baggies, ink pads for the stamps, rubber bands, sifters, scales and scrapers. (D.I. 43 at 5)

5

judicial officer shall order that the defendant be detained prior to trial. 18 U.S.C. § 3142(e).

11. In certain cases, a rebuttable presumption that no conditions or combination of conditions will reasonably assure the appearance of defendant as required or the safety of the community applies. 18 U.S.C. § 3142(e)(3). This rebuttable presumption applies, among others, to cases in which there is probable cause to believe that the defendant committed an offense under 18 U.S.C. § 924(c) or an offense under the Controlled Substances Act, 21 U.S.C. §§ 801–904, for which the maximum term of imprisonment is ten years or more. 18 U.S.C. § 3142(e)(3).

12. If the presumption applies, the defendant must "produce some credible evidence forming a basis for his contention that he will appear and will not pose a threat to the community." *United States v. Carbone*, 793 F.2d 559, 560 (3d Cir.1986). This burden of production is "relatively light." *United States v. Chagra*, 850 F. Supp. 354, 357 (W.D. Pa.1994). The factors to be considered by the court in determining whether the defendant has rebutted the presumption are set forth in 18 U.S.C. § 3142(g). *Carbone*, 793 F.2d at 561. The four factors are

> (1) the nature and circumstances of the offense charged, including whether the offense is a crime of violence, a violation of section 1591, a Federal crime of terrorism, or involves a minor victim or a controlled substance, firearm, explosive, or destructive device;
> (2) the weight of the evidence against the person;
> (3) the history and characteristics of the person, including—
> (a) the person's character, physical and mental condition, family ties, employment, financial resources, length of residence in the community, community ties, past conduct, history relating to drug or alcohol abuse, criminal history, and record concerning appearance at court proceedings; and
> (b) whether, at the time of the current offense or arrest, the person was on probation, on parole, or on other release pending trial, sentencing,

appeal, or completion of sentence for an offense under Federal, State, or local law; and
(4) the nature and seriousness of the danger to any person or the community that would be posed by the person's release.

18 U.S.C. § 3142(g).

13. If the presumption is rebutted, the government must show that no condition or combination of conditions would reasonably ensure the appearance of the defendant or safety of the community if defendant were to be released. 18 U.S.C. § 3142(f). Proving that the defendant poses a danger to the community requires clear and convincing evidence. *United States v. Perry*, 788 F.2d 100, 115 (3d Cir. 1986)

14. With respect to proving that the defendant is a flight risk, the government's burden is the preponderance of the evidence standard. *United States v. Himler*, 797 F.2d 156, 161 (3d Cir.1986). The factors in 18 U.S.C. § 3142(g) guide the court's analysis. *Id.* The rebutted presumption retains evidentiary weight. *United States v. Dillon*, 938 F.2d 1412, 1416 (1st Cir.1991).

15. **Discussion.** The indictment at bar is sufficient to establish probable cause to trigger the rebuttable presumption. 18 U.S.C. § 3141(e)(3); *United States v. Suppa*, 799 F.2d 115, 119 (3d Cir. 1986). For purposes of argument, the court will assume that defendant has rebutted the presumption and will turn to consider whether plaintiff has demonstrated by clear and convincing evidence that no condition or combination of conditions would reasonably ensure the safety of the community if defendant were to be released.[11] *United States v. Perry*, 788 F. 2d 100, 115 (3d Cir. 1986) ("The clear

---

[11] In so doing, the court is satisfied that Correa would qualified to perform the duties of a third-party custodian, if she were able to do so on a 24-7 basis.

and convincing standard does not even operate until the defendant has come forward with some evidence of lack of dangerousness.").

16. Defendant has been charged with several serious offenses. If convicted, defendant faces a statutory mandatory minimum term of imprisonment of five years. Plaintiff has represented that the results of a DEA investigation (which includes video surveillance and taped conversations) demonstrate that defendant was a meaningful player in a large heroin distribution conspiracy that spanned two states and included multiple participants. Evidence discovered at defendant's apartment reveal that someone was milling heroin, packing it for distribution and keeping records of heroin inventory and payments. Significantly, at least one individual alleged to be working with defendant and a member of the charged conspiracy is a fugitive from justice.

17. With respect to the history and characteristics of this defendant, the record contains troubling gaps and inconsistences. Although defendant has no prior criminal history, neither does she have a documented employment history. Moreover, defendant's recollection of her past residences and her employment history is inconsistent with both Correa's recitation and the paperwork available to the court, thus bringing into doubt her credibility. Also of concern is that, despite the purportedly close relationship between defendant and Correa, the latter apparently never met defendant's boyfriend or knew he was living with defendant.[12] Correa also did not know that defendant had not maintained steady, lawful employment, as Correa has done for so many years, In this regard, it is significant to note that when Correa is working, it has

---

[12] He is a person of interest.

8

been suggested that her daughter take on Correa's supervisory responsibilities. The court rejects the idea that a young (24 years old) woman should be given that responsibility, especially if it means putting not only defendant's son at risk, but other children as well.[13]

18. In sum, the court is not convinced that there are conditions of supervision that will reasonably assure the appearance of defendant or the safety of the community. Therefore, defendant's motion is denied.

                                        *[signature]*
                                    United States District Judge

---

[13]By "at risk," the court means possible contact with defendant's alleged co-conspirators and/or the possible resumption of illegal drug activities.